UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTINO DELLA CIOPPA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-747-XR |
| | § | |
| DENNIS SCHULTZ and KONA | § | |
| TRANSPORTATION COMPANY, INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this date, the Court considered the status of the above captioned case and Defendant Kona Transportation Company's Motion to Dismiss (Docket no. 4). After careful consideration, the Court GRANTS the motion. Moreover, all claims against Defendant Dennis Schultz are hereby DISMISSED for failure to effectuate service of process.

**BACKGROUND**

Plaintiff Antino Della Cioppa was a resident of Hawaii who was moving to New Braunfels, Texas. Docket no. 1-1 at 5. He allegedly contracted with Defendants—Kona, a Hawaiian moving company, and Schultz, an Hawaiian employee of Kona—in Hawaii to move his possessions for him. *Id*. Kona, after moving Cioppa's possessions within Hawaii, subcontracted the move to a common carrier, who moved them from Hawaii to Texas. Docket no. 4 at 3–4. Cioppa alleges that at some point during the move, his possessions were damaged. Docket no. 1-1 at 5.

Cioppa filed suit against the Defendants in County Court at Law 2, Comal County, Texas on May 2, 2016. *Id*. at 1. He asserted causes of action for fraud and breach of contract against both defendants. *Id*. at 5–6. Kona was served on June 9, 2016. *Id*. at 2. Kona subsequently

removed the action to this Court on the basis of federal question jurisdiction.[1] Docket no. 1. Defendant Schultz has not been served. On August 1, 2016, Kona filed its Motion to Dismiss. Docket no. 4. Cioppa did not respond.

## DISCUSSION

### I.  Kona's Motion to Dismiss

Kona argues that Cioppa's claims should be dismissed for two separate and independent reasons—(1) a lack of personal jurisdiction over Kona; and (2) Cioppa's state law claims are preempted by the Carmack Amendment.[2] Both grounds justify dismissal.

#### a.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must

---

[1] Kona asserts that federal question jurisdiction is valid because Cioppa's state law breach of contract and fraud claims are completely preempted by the Carmack Amendment, 49 U.S.C. § 14706. As will be discussed, the Court finds that the Carmack Amendment preempts Cioppa's claims in the sense that they are subject to dismissal as preempted. For purposes of the jurisdictional analysis, the complete preemption doctrine allows removal of state law claims where a federal statute wholly displaces state-law causes of action. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003). The Fifth Circuit has found that the complete preemption doctrine applies to state law claims covered by the Carmack Amendment, which, as will be discussed, is the case here. *Id.* at 778. Accordingly, this Court has subject matter jurisdiction.

[2] The Carmack Amendment does not contain any provisions that would change the normal personal jurisdiction analysis. *See United Van Lines, LLC v. Marks*, 366 F. Supp. 2d 468, 472 (S.D. Tex. 2005) ("The Carmack Amendment is silent as to service of process, so the Court's personal jurisdiction is coterminous with that of a Texas court of general jurisdiction.").

2

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### b.  Personal Jurisdiction

In order to establish personal jurisdiction in a diversity case over an out-of-state defendant, a plaintiff must present *prima facie* evidence that "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Court must accept the uncontroverted allegations in the Complaint, affidavits, or other documentation as true. *Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir.2002)). "Because Texas's long-arm statute reaches to the constitutional limits," it is only necessary to assess the Court's exercise of personal jurisdiction under due process standards. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)). Due process is satisfied when (1) the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citing *Revell*, 317 F.3d at 470).

A defendant's contacts can satisfy the minimum contacts standard by giving rise to either general or specific jurisdiction. *Revell*, 317 F.3d at 470. The Supreme Court has recently held that the exercise of general personal jurisdiction over an out-of-state corporate defendant is justified only if the defendant's contacts are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

The exercise of general jurisdiction is not justified. Cioppa does not allege that Kona has any contact with Texas beyond this move. Kona's motion to dismiss states that Kona does perhaps two or three moves from Hawaii to Texas per year, which fall far short of the required "essentially at home" standard necessary to support general jurisdiction.

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted); *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992). The Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. at 474. Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action.

The Court finds that Cioppa has not carried his burden to show that Kona has sufficient minimum contacts with Texas to justify the exercise of personal jurisdiction. While it is true that Kona intentionally contracted to deliver Cioppa's possessions to Texas, this contract was entered into in Hawaii while Cioppa was a Hawaii resident. Moreover, Kona's business model indicates that the destination for any of the moves for which it contracts is a matter of chance. Kona did

not seek out, solicit, or agree with Cioppa because his move was to Texas; the move could have

been to anywhere without changing Kona's intentions and direction of its activities. *See J.M.*

*Huber Corp. v. Pan Am. Express, Inc.*, 118 F. Supp. 2d 764, 770 (S.D. Tex. 2000) ("[The

shipper's] contacts with [the forum state], on the other hand, were fortuitous, random, and

attenuated."). Finally, it is the plaintiff's burden to establish personal jurisdiction. Though his

complaint alleges some facts that are relevant to the contract, there is no allegation or evidence

relating to a bill of lading—either that Kona or Texas was listed on one—which is typically an

important factor in finding minimum contacts in the destination state. *See China Ocean Shipping*

*(Grp.) Co. v. Simone Metals Inc.*, No. 97 C 2694, 1997 WL 757426, at *3 (N.D. Ill. Nov. 24,

1997); *United Van Lines, LLC v. Marks*, 366 F. Supp. 2d 468, 473 (S.D. Tex. 2005).[3] For these

reasons, the Court does not have personal jurisdiction over Kona, and Cioppa's claims against

Kona should be dismissed.

### c.  Carmack Amendment Preemption

The Carmack Amendment imposes liability on carriers for the actual loss or injury to

property transported through interstate commerce. 49 U.S.C. § 14706; *See Distribuidora Mari*

*Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). The Amendment is

meant to "establish uniform federal guidelines designed in part to remove the uncertainty

surrounding a carrier's liability when damage occurs to a shipper's interstate shipment."

*Transmaritime*, 738 F.3d at 706 (internal quotations omitted). In short, claims under the Carmack

Amendment function like strict liability claims, allowing shippers to collect from carriers

---

[3] *United Van Lines* presents a similar factual scenario yet reaches an opposition conclusion. The Court finds, however, that *United Van Lines* is distinct. There, the moving company avoided entering Texas, the forum state and ultimate destination, by subcontracting that leg of the move. *United Van Lines, LLC v. Marks*, 366 F. Supp. 2d 468, 470–71 (S.D. Tex. 2005). But the moving company took a more active role in the move beyond its point of origin. *Id.* at 470–71. For example, the moving company packed the plaintiff's possessions with the help of the subcontractor, then alone transported and stored them in San Diego before the subcontractor carried them on the final leg to Texas. *Id.* In addition, there was a bill of lading prepared by the moving company that listed Texas as the destination, a fact absent here. *Id.* at 473.

regardless of fault, so that shippers need not locate a particular negligent carrier "from the often numerous carriers handling an interstate shipment of goods." *Id.*

The preemptive sweep of the Carmack Amendment is broad, generally preempting state law and federal common law claims arising out of the shipment of goods by interstate carriers. *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382–83 (5th Cir. 1998).

Cioppa's claims fall within the scope of the Carmack Amendment, and are therefore preempted. Cioppa seeks to recover for the alleged loss of and damage to his property caused while these goods were being moved from Hawaii to Texas. The factual allegations of Cioppa's complaint state that he "entered into a contract in which Defendants agreed to deliver to Plaintiff his possessions from [Hawaii] to [Texas]. Defendants breached that contract, and several items . . . were damaged during transit." Docket no. 1-1 at 5. This is squarely within the ambit of the Carmack Amendment and the factual patterns of Fifth Circuit cases dismissing similar state law claims as being preempted.[4] *E.g.*, *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993) (affirming district court's preemption-based grant of summary judgment against state law claims,

---

[4] In many Carmack preemption cases, there is no subcontractor involved, and the original moving company itself does all of the transportation across state lines. *E.g.*, *May v. United Van Lines, LLC*, No. A-14-CV-444-LY, 2014 WL 2881610, at *2 (W.D. Tex. June 25, 2014) (report and recommendation) (collecting cases). The Court acknowledges a slight factual distinction in here—Kona transported Cioppa's possessions only within Hawaii before subcontracting with a common carrier to transport them to California. This distinction does not change the result. The Carmack Amendment's general liability provision applies to "a carrier providing transportation or service subject to jurisdiction under subchapter I . . . of chapter 135." 49 U.S.C. § 14706. Subchapter I of Chapter 135, in short, creates jurisdiction over carriers who are engaged in interstate commerce. 49 U.S.C. § 13501. The Fifth Circuit has defined interstate commerce to include transportation of goods by a carrier wholly within a state so long as the ultimate destination is outside of that state. *Merchants Fast Motor Lines, Inc. v. I. C. C.*, 528 F.2d 1042, 1044 (5th Cir. 1976). Moreover, the Second Circuit relied on the Fifth Circuit's logic to hold that "if the final intended destination at the time the shipment begins is another state, the Carmack Amendment applies throughout the shipment, even as to a carrier that is only responsible for an intrastate leg of the shipment." *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 75 (2d Cir. 2001) (citing *Merchant Fast Motor Lines*); *see also Vesta Forsikring AS v. Mediterranean Shipping Co.*, SA, No. CIV.A. H-00-1938, 2001 WL 1660255, at *3 (S.D. Tex. Aug. 10, 2001) (citing *Project Hope* to apply the Carmack Amendment to claims against a carrier who moved goods solely in Louisana after they were carried there from abroad). Here, Kona carried Cioppa's possessions solely in Hawaii, but their final destination, by way of a subcontracted common carrier, was Texas. This type of transportation is covered by the Carmack Amendment.

including ones for fraud and breach of contract, where a plaintiff's home furnishings were not timely delivered in a move from Texas to Colorado). Accordingly, Cioppa's claims against Kona are dismissed as preempted.

## II.    The Status of Defendant Schultz

Since Cioppa instituted this lawsuit in state court on May 2, 2016, Schultz, an individual defendant and employee of Kona, has not been served. Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90-day period, the Court has two choices: either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Id.* If good cause is present, the district court must extend time for service. *Thompson*, 91 F.3d at 21. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.* Thus, even when good cause is lacking, the Court must decide whether to exercise its discretion to extend the time for service.

The first inquiry is whether Cioppa has established good cause for his failure to timely serve Schultz. The Court finds that he has not. There is no indication that summons was issued as to Schultz, either before or after this case was removed. Additionally, the 90-day time limit for service imposed by the Federal Rules expired months ago. If Cioppa is experiencing difficulties serving Schultz, he should have notified the Court or sought substitute service during the 90-day time period, or at least at a reasonable point after the expiration of this time limit.

The Court must next decide whether to exercise its discretion to extend the time for service despite Cioppa's failure. The 1993 Advisory Committee Note to Rule 4(m) states that the district court may consider whether the "applicable statute of limitations would bar the refiled

action, or if the defendant is evading service or conceals a defect in attempted service." Here, the statute of limitations would likely bar a refiled action because Carmack Amendment claims are governed by a two-year statute of limitations, 35 U.S.C. § 14706(e)(1), and Cioppa alleges that the contract was entered into in July 2013 and that he submitted a claim form in January 2014.

Because Cioppa's claims against Schultz would be time barred, a dismissal without prejudice under Rule 4 will be treated as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). "A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotations omitted). The Fifth Circuit has affirmed dismissals with prejudice on this standard in the presence of at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

To the Court's knowledge, Cioppa has made no attempts to serve Schultz, and the deadline for service passed approximately three months ago. Cioppa made no requests for additional time or alternative methods for service. It is unclear whether Cioppa ever obtained a summons for Schultz. Cioppa has not appeared in this lawsuit before this Court since Kona removed it. He has not only failed to effectuate service on Schultz but failed to respond to Kona's Motion to Dismiss and his counsel failed to seek admission to practice before this Court or to appear in this case. *See* Docket no. 3. The cumulative effect of these failures reflects an intentional delay, which the Court finds to be a sufficient aggravating factor to Cioppa's contumacious conduct in failing to serve Schultz. Accordingly, the Court declines to grant an extension of time to serve Schultz, and dismisses Cioppa's claims against him.

## CONCLUSION

Defendant Kona's Motion to Dismiss (Docket no. 4) is GRANTED based both on a lack of personal jurisdiction and Carmack Amendment preemption, and all of Plaintiff Cioppa's claims against Kona are DISMISSED WITH PREJUDICE. Moreover, all claims against Defendant Schultz are DISMISSED for failure to effectuate service. The Clerk is directed to issue a Judgment in favor of the Defendants, and that Plaintiff take nothing on his claims. Defendants may submit its Bill of Costs within 14 days in the form directed by the Clerk should they desire to pursue these costs.

It is so ORDERED.

SIGNED this 10th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE